## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**JASON JOAQUIN STROUD  # 107936**                                          **PLAINTIFF**

**VERSUS**                                          **CIVIL ACTION NO. 1:15cv148-LG-RHW**

**RAYMOND BYRD,** *et al.*                                          **DEFENDANTS**

### REPORT AND RECOMMENDATION

This case is before the Court for consideration of dismissal for Plaintiff's failure to serve process on the Defendants as required by the Rules.

Procedural History and Facts

Jason Joaquin Stroud filed this 42 U.S.C. § 1983 lawsuit on May 4, 2015, challenging Rules Violation Reports (RVRs) he received at Central Mississippi Correctional Facility (CMCF).  Contemporaneously with his complaint, Stroud filed [2] a motion for leave to proceed *in forma pauperis* (IFP), which the Court denied by Order [7] entered May 14, 2015.  The Court found Stroud had the financial resources to pay the $350.00 filing fee and $50.00 administrative fee since he had over $600.00 in his inmate account at the time.  The Order required Stroud to pay the fees within 30 days of the date of the order, *i.e.*, by June 15, 2015, and specifically warned Plaintiff that if the fees were not received within 30 days of the date of the order, "this action may be dismissed without further written notice."  [7, p. 2)

On May 28, 2015, Stroud filed [8] a letter, which was construed as a request for reconsideration of Order [7], and denied as such by Order [10] entered June 2, 2015.  Order [10] granted Stroud 30 days from June 2, 2015, *i.e.*, until July 6, 2015, to pay the filing fees, and again expressly warned him that if the fees were not received within the 30 day time period, his case

might be dismissed.  [10, p. 3]  By Order [15] entered June 11, 2015, the Court extended the

deadline for receipt of the filing fees to July 17, 2015.  The docket reflects that the fees were paid

June 29, 2015.

On July 6, 2015, the Clerk of Court mailed Stroud a memorandum [16], acknowledging

receipt of the filing fee and advising Stroud "that the plaintiff is responsible for service of

process pursuant to Rule 4 of the Federal Rules of Civil Procedure.  The memorandum

enumerated the steps required in the event Stroud elected to have summons issued, and advised

Stroud of what was required of him should he elect to send a Notice and Request of Waiver of

Lawsuit.  The memorandum warned Stroud, "If the above listed steps are not taken by you, this

case may be dismissed as provided for in the Federal Rules of Civil Procedure."  [16]  Copies of

blank summonses and notices and requests for waiver were enclosed with the memorandum, as

well as a copy of Rule 4 of the Federal Rules of Civil Procedure.

On July 18, 2015, Stroud wrote [17] another letter to the Court, which the Clerk filed on

July 24, 2015.  In this correspondence, Stroud complained he did not understand about the

summons and has no way to deliver same, and he enclosed with his letter notices and waivers he

had filled out.  Stroud stated all he wanted was to get the RVRs off his record, get the filing fees

returned to his inmate account, get reinstated to trusty status back-dated to the time of the RVRs,

and get out of C custody.  He also requested that Defendant Terri Denmark be dismissed from the

lawsuit.  Stroud further complains about a July 13, 2015 incident in which he alleges he was

beaten by gang members at South Mississippi Correctional Institution where he had been

transferred.  On August 21, 2015, the Court entered Order [20] regarding the July 2015 letter.[1]

---

[1]Although the docket indicates Order [20] is regarding [8], Plaintiff's earlier letter, the content of the Order
makes it plain that it is addressing the matters raised in Order [20].

Construing Stroud's letter as a request for refund of the filing fee or request that the Court effect

service of process for him, the Court reiterated the provisions of its prior orders, quoted the

requirements of FED.R.CIV.P. 4 with respect to the time for serving process,[2] and denied

Plaintiff's requests for refund of the filing fee or for the Court to serve process for him.  The

Court construed Stroud's request to "drop Terri Denmark from the lawsuit" as a motion to

voluntarily dismiss that Defendant, and granted it as such.  With respect to the  July 13, 2015

incident, the Court directed the Clerk to send Stroud additional forms for filing a § 1983

complaint in the event he wanted to file a new civil action concerning that incident.

When Stroud filed nothing further in the case and allowed the time for service of process

to expire, the Court entered Order [21] on October 27, 2015, requiring Stroud to show cause why

the case should not be dismissed for failure to serve process on the Defendants.  Stroud's

response to the Show Cause Order was due November 10, 2015.  Stroud filed [23] a "response"

to the order on November 9, 2015, stating he received the Show Cause Order October 30, 2015,

and was still confused about serving process.  Stroud stated he sent the request to waive service

of summons to the Court in July of 2015, and "thought that was all [he] had to do," that he did

not realize he had to "actually request to the defendants for a waiver of the summons," and did

not understand how Rule 4 works.  He indicated he needed time beyond November 10, 2015 to

respond to the Show Cause Order, and further stated in [24] a November 23, 2015 letter to the

Court,[3] that his "Petition for an Order to Show Cause is on the way" to the Court, having been

---

[2]The Court quoted subsection (m) of the Rule which requires that process be served within 120 days after the complaint is filed and that if service is not completed within that time the case may be dismissed.  In addition, the Court plainly stated that "a plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules."  See Order [20], n. 1.

[3]The letter is dated November 19, 2015, postmarked November 20, 2015, and was received and filed by the Clerk on November 23.

delayed due to the failure of prison legal assistants to pick it up and mail it for him. On

November 30, 2015, Stroud filed [25] a document titled "Petition for an Order to Show Cause"

which is simply a reiteration of his prior allegations accompanied by several pages of Mississippi

Department of Corrections policies and procedures he claims have been violated. This document

in no way responds to the Court's requirement that he show good cause why the case should not

be dismissed for his failure to serve the Defendants.

Discussion

Rule 4(m), FED.R.CIV.P., states, "If a defendant is not served within 120 days after the

complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss

the action without prejudice against that defendant or order that service be made within a

specified time..." By the Court's orders, and the memorandum and copy of Rule 4 which the

Clerk sent him, Stroud has been repeatedly advised it was his responsibility to serve process on

the Defendants, that he had 120 days from the filing of his lawsuit to serve Defendants, and that

his case could be dismissed if he failed to do so. Still, he has served no Defendant, the time for

service has expired, and he has failed to file anything responsive to the Court's order to show

cause why the case should not be dismissed.

**RECOMMENDATION**

In light of the foregoing, the undersigned recommends that this lawsuit be dismissed

without prejudice for Plaintiff's failure to serve process as required by the Rules.

**NOTICE OF RIGHT TO APPEAL/OBJECT**

Under Rule 72(a)(3), *Local Uniform Civil Rules of the United States District*

*Courts for the Northern District of Mississippi and the Southern District of Mississippi*, a party

has 14 days after being served a copy of this Report and Recommendation to serve and file

written objections to the Report and Recommendation.  A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned District Judge.  Within seven days of service of the objection, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objection. An objecting party must specifically identify the findings, conclusions, and recommendations to which he/she objects; the District Court need not consider frivolous, conclusive, or general objections.  A party who fails to file written objections to the proposed findings, conclusions, and recommendations within 14 days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion accepted by the District Court to which he/she did not object.  *Douglass v. United Services Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

       Signed, this the 2nd day of December, 2015.

/s/ *Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE